UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOANNE MAYER-PERRI,

                Plaintiff,

    v.

FAY SERVICING, LLC,

                Defendant.

CIVIL ACTION NO. 3:24-CV-01159

(MEHALCHICK, J.)

**MEMORANDUM**

Presently before the Court is Defendant Fay Servicing LLC's ("Fay") motion to dismiss for failure to state a claim. (Doc. 11). On July 15, 2024, Plaintiff Joanne Mayer-Perri ("Mayer-Perri") initiated this action on behalf of herself and all others similarly situated by filing a complaint. (Doc. 1). For the following reasons, Fay's motion to dismiss shall be **GRANTED in part** and **DENIED in part**. (Doc. 11).

**I.**    **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the complaint and, for the purposes of the instant motion, is taken as true. (Doc. 1). Mayer-Perri is the administratrix of the Estate of Eleanor F. Mayer ("Mayer"), Mayer-Perri's mother, and through this position, she owns a home in Jessup, Pennsylvania. (Doc. 1, ¶ 12). Prior to Mayer's death, Mayer-Perri's parents originally financed this home through a mortgage with a total loan amount of $112,130.56. (Doc. 1, ¶ 26). The pre-interest loan amount was $104,554.90 plus a fee of $7,576.66, which was to be paid in 300 monthly payments (25 years) at an interest rate of 11.203%. (Doc. 1, ¶ 26). Under the original mortgage agreement, the lender, Household Finance Consumer Discount Company, was not permitted to levy fees associated with inspections against the borrower, Mayer-Perri's parents, or inspect the property in the event of default without first

sending written notice. (Doc. 1, ¶¶ 26-27).

On September 1, 2009, Mayer-Perri's father passed away, leaving Mayer responsible for the mortgage. (Doc. 1, ¶ 28). In late 2016, Mayer received a discharge of debt in a Chapter 13 bankruptcy proceeding, but the mortgage remained valid because the security interest survived the bankruptcy discharge. (Doc. 1, ¶ 29). After the bankruptcy, Mayer and Mayer-Perri, acting through power of attorney, entered a loan modification agreement with Caliber Home Loans ("Caliber"). (Doc. 1, ¶¶ 29-32). This agreement set the unpaid principal balance at $88,503.45 for Mayer to repay over 39 years at an interest rate of 1.375%. (Doc. 1, ¶ 31). The modified agreement also included a deferred amount of $66,830.56 for Mayer to pay in full by the loan's maturity date of December 28, 2056. (Doc. 1, ¶ 31). The modified loan agreement did not contain any language regarding the right of the lender to perform property inspections or charge fees for inspections. (Doc. 1, ¶ 32). Instead, the agreement stated, "under the terms of this Agreement or the Security Instrument, Servicer may exercise its rights against the Property, in accordance with the terms set forth in the [original] security Instrument." (Doc. 1, ¶ 32). Mayer died on November 19, 2017, and Mayer-Perri took legal possession of the home subject to the loan modification agreement. (Doc. 1, ¶ 33). Mayer-Perri resides in the home. (Doc. 1, ¶ 33). In February 2021, Mayer-Perri became delinquent on her mortgage, and Caliber transferred the mortgage servicer responsibility to Fay. (Doc. 1, ¶ 34). Between April 12, 2021, and February 12, 2024, Fay inspected the home 32 times without notice and charged inspection fees which appeared on mortgage statements sent to Mayer-Perri. (Doc. 1, ¶ 35-38).

On July 15, 2024, Mayer-Perri brought this action on behalf of herself, a national class, and a Pennsylvania sub-class. (Doc. 1). The national class is made up of "[a]ll individuals in

the United States who were charged property inspection fees by [Fay] whose form mortgage agreements do not permit inspections or the levying of fees without proper notice." (Doc. 1, ¶ 52). The Pennsylvania sub-class is made up of "[a]ll residents of the Commonwealth of Pennsylvania who were charged property inspection fees by [Fay] whose form mortgage agreements do not permit inspections of the levying of fees without proper notice." (Doc. 1, ¶ 52). Mayer-Perri raises four counts against Fay. (Doc. 1, ¶¶ 60-83). Mayer-Perri brings Count I on behalf of herself and the nationwide class alleging Fay violated § 1692e and § 1692f of the Fair Debt Collection Practices Act ("FDCPA") by charging inspection fees without following procedures set by the underlying mortgage documents or without regard for circumstances. (Doc. 1, ¶¶ 60-67). Mayer-Perri brings Count II on behalf of herself and the national class, alleging Fay is liable for breach of conduct because Fay inspected properties and levied inspection fees without complying with the underlying mortgage agreements. (Doc. 1, ¶¶ 68-71). Mayer-Perri brings Count III on behalf of herself and the Pennsylvania sub-class alleging Fay violated § 2270.4(a) of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") by charging inspection fees without following procedures set by the underlying mortgage documents or without regard for circumstances. (Doc. 1, ¶¶ 72-79). Finally, Mayer-Perri brings Count IV on behalf of herself and the Pennsylvania sub-class alleging Fay is liable for unjust enrichment for charging unauthorized inspection fees. (Doc. 1, ¶¶ 80-83).

On September 23, 2024, Fay filed a motion to dismiss along with a brief in support. (Doc. 11; Doc. 12). On October 3, 2024, Mayer-Perri filed a brief in opposition. (Doc. 17). On October 17, 2024, Fay filed a reply brief. (Doc. 18). Accordingly, the motion to dismiss has been fully briefed and is ripe for disposition.

## II.  LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors*, Inc., 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

**III.    DISCUSSION**

Fay moves to dismiss the entire complaint. (Doc. 12). Fay first argues the Court should dismiss Count I because Mayer-Perri fails to allege Fay's conduct involved the collection of a debt as required under the FDCPA. (Doc. 12, at 7-11). Fay next avers that the Court should dismiss Count II because Mayer-Perri is not a party to the loan agreement and because she does not allege facts showing that she was damaged by Fay's alleged breach of contract. (Doc. 12, at 7, 11-12). Next, Fay posits that the Court should dismiss Count III because Mayer-Perri fails to allege facts showing an "ascertainable loss." (Doc. 12, at 7, 12-15). Finally, Fay contends that the Court should dismiss Count VI because Mayer-Perri fails to allege Fay was

5

unjustly enriched or dispute that a valid contract governs the conduct at issue. (Doc. 12, at 7, 15). The Court will address each issue in turn.

### A. Mayer-Perri states a claim under the FDCPA

Count I alleges Fay violated § 1692e and § 1692f of the FDCPA by charging inspection fees without following procedures set by the underlying mortgage documents or without regard for circumstances. (Doc. 1, ¶¶ 60-67). Fay argues that the Court should dismiss this count because Fay never serviced or tried to collect a "debt" as defined by the FDCPA. (Doc. 12, at 8-11). According to Fay, Fay only attempted to collect on a security interest akin to a nonjudicial foreclosure, which does not qualify as debt under the relevant provisions of the FDCPA. (Doc. 12, at 8-11). Mayer-Perri counters that Fay attempted to service and collect a debt because Fay attempted to induce payment on a modified mortgage agreement which is not merely a security interest akin to a nonjudicial foreclosure but rather constitutes debt as defined by the FDCPA. (Doc. 17, at 13-16).

Section 1692e of the FDCPA prohibits debt collectors from "making false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e. Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692f. To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a. A home loan, home loan modification agreement, or home loan refinancing agreement is debt as defined by the FDCPA, so long as the property being financed is a personal residence rather than a commercial property. *See Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 586-87 (D.N.J. 2016) (finding a defendant was engaging in debt collection by issuing monthly mortgage statements in connection with a home loan modification agreement); *see also Sosso v. ESB Bank,* No. CV 16-367, 2016 WL 3855031, at *3 (W.D. Pa. July 15, 2016) (finding a home loan refinance agreement is debt); *see also Magness v. Walled Lake Credit Bureau, LLC*, No. CV 12-6586, 2014 WL 12610219, at *6 (E.D. Pa. Feb. 18, 2014) (stating "[i]n this case, Defendants' arguments that loan modification is distinct from debt collection are not persuasive. A home loan is a debt"). However, the Supreme Court held in *Obduskey v. McCarthy & Holthus, LLP* that enforcement of certain types of security interests does not qualify as "debt collection" under most provisions of the FDCPA. 586 U.S. 466, 475 (2019). Specifically, the Supreme Court held that a law firm enforcing a nonjudicial foreclosure is not a debt collector for most purposes under the FDCPA and thus, a security interest in a nonjudicial foreclosure is not debt under most provisions of the FDCPA. *See Obduskey*, 586 U.S. at 475. Courts in this circuit, however, have read *Obduskey* narrowly and have declined to extend the ruling beyond the enforcement of nonjudicial foreclosures. *See Bronstein v. Bayview Loan Servicing, LLC*, No. CV 18-4223, 2020 WL 703652, at *6 (E.D. Pa.

Feb. 11, 2020); *see also Lloyd v. Pluese, Becker, & Saltzman, LLC*, No. CV 18-9420, 2019 WL 6113859, at *2 (D.N.J. Nov. 18, 2019).

Fay argues that the FDCPA does not apply because there was no debt in this case and Fay was enforcing a security interest analogous to an interest in a nonjudicial foreclosure rather than collecting on debt. (Doc. 12, at 8-11). According to Fay, Mayer's debt was discharged in 2016 when Mayer entered bankruptcy, and as such, neither Mayer-Perri nor Mayer's estate could have assumed debt after Mayer's death. (Doc. 12, at 9-11). However, Fay's assertions run counter to both allegations in the complaint, which the Court must accept as true, and the narrow interpretation courts in the Third Circuit have taken when assessing *Obduskey*. See *Bronstein*, 2020 WL 703652, at *6; *see also Lloyd*, 2019 WL 6113859, at *2. The complaint does not allege that Fay attempted to collect on a security interest analogous to a nonjudicial foreclosure but rather, attempted to collect on a modified home loan. (Doc. 1, ¶¶ 26-35).

Mayer-Perri alleges that in November 1999, Mayer-Perri's parents entered into a mortgage agreement which provided a home loan. (Doc. 1, ¶ 26). Mayer became solely responsible for the loan in 2009 and entered bankruptcy in 2016. (Doc. 1, ¶¶ 28-29). A year after bankruptcy, Mayer entered a loan modification agreement which "set the unpaid principal balance of the original $112,130.56 loan, at $88,503.45, included a 39-year re-payment period, or until December 28, 2056, at an interest rate of 1.375%." (Doc. 1, ¶¶ 30-31). This modification agreement was in effect in 2017 when Mayer died and Mayer-Perri alleges she became administratrix of Mayer's estate. (Doc. 1, ¶ 33). Mayer-Perri alleges that as administrator, she took legal possession of the property subject to the loan modification agreement, attempted to make payments based upon the loan modification agreement, and

was sent mortgage statements in connection with the loan modification agreement. (Doc. 1, ¶¶ 33-36). The loan modification agreement was also in effect in 2021 when Mayer-Perri became delinquent in her payments, Caliber assigned mortgage servicer responsibility to Fay, and Fay began to issue Mayer-Perri mortgage statements. (Doc. 1, ¶ 35). A foreclosure action was not initiated against Mayer-Perri until August 2022, over a year after Fay began issuing Mayer-Perri mortgage statements. (Doc. 1, ¶¶ 35, 39). Mayer-Perri alleges these mortgage statements were attempting to collect on the balance of the loan modification agreement, not a discharged security interest. (Doc. 1, ¶¶ 34-35, 39).

Given that courts in this circuit interpret *Obduskey* narrowly, the Court declines to extend its holding to apply to the collection of payments on a loan modification agreement considering that foreclosure proceedings were not even initiated until after Fay began issuing mortgage statements. *See Bronstein*, 2020 WL 703652, at *6; *see also Lloyd*, 2019 WL 6113859, at *2. If discovery reveals that Mayer and Mayer-Perri's debt was extinguished before Fay issued mortgage statements, Fay may raise this argument again. However, at this early stage, the Court must accept as true that the loan modification agreement was in effect at the time Fay began to issue mortgage statements. (Doc. 1, ¶¶ 28-39). Thus, Mayer-Perri alleges the existence of "debt" as defined by the FDCPA. *See Block*, 221 F. Supp. 3d at 587; *see also Sosso*, 2016 WL 3855031, at *3; *see also Magness,* 2014 WL 12610219, at *6. Fay's motion to dismiss Count I is **DENIED**. (Doc. 11).

B.  MAYER-PERRI STATES A CLAIM FOR BREACH OF CONTRACT

Count II alleges Fay is liable for breach of contract for inspecting properties and charging inspection fees without providing notice as required by the underlying mortgage agreement. (Doc. 1, ¶¶ 68-71). Fay argues that Mayer-Perri fails to state a claim for breach of

9

contract because Mayer-Perri is not a party to the contract and because Mayer-Perri did not suffer damages as a result of the alleged breach. (Doc. 12, at 11-12). Mayer-Perri counters that as the administratrix of Mayer's estate, she is Mayer's successor to the mortgage and is thus party to the contract. (Doc. 17, at 16-17). Further, Mayer-Perri avers that the complaint alleges she suffered at least nominal damages as a result of Fay's breach of contract because Fay violated the terms of the loan modification agreement by inspecting the property and charging inspection fees without notice. (Doc. 17, at 17-18).

Under Pennsylvania law, "three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 635 Pa. 427, 445 (2016). Before assessing whether a plaintiff has met these pleading requirements, the Court must first assess whether the plaintiff is party to the contract because "[g]enerally, to bring a claim for breach of contract, the plaintiff must be a party to the agreement." *Republic Servs. of Pennsylvania, LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 476 (E.D. Pa. 2018).

First, Fay argues that Plaintiff cannot bring a breach of contract claim because Mayer-Perri is not a party to the contract. (Doc. 12, at 11-12). However, 20 Pa. Stat. and Cons. Stat. Ann. § 3311(a) states, "[a] personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent. . . [the representative] shall have the right to maintain any action with respect to [the real or personal property of the decedent]." This provision allows an administratrix of an estate to bring claims relating to the personal or real property of a decedent. *See McDonald v. Wells Fargo Bank, N.A.*, 735 F. App'x 776, 779 (3d Cir. 2018); *see also Hudson v. Columbia Life Ins. Co.*, No. CV 20-5252,

2021 WL 2823074, at *2 (E.D. Pa. July 6, 2021). An administratrix may bring contract claims so long as the contract relates to the decedent's real or personal property and the decedent signed the contract prior to their death. *See McDonald*, 735 F. App'x at 779; *see also Hudson*, 2021 WL 2823074, at *2-4. An administratrix may also bring contract claims that "did not accrue until after [the decedent's] death" so long as the decedent signed the relevant contract before their death. *McDonald*, 735 F. App'x at 779; *see also Hudson*, 2021 WL 2823074, at *2-4.

Mayer-Perri alleges that prior to Mayer's death, Mayer entered into a loan modification agreement regarding Mayer's real property. (Doc. 1, ¶ 31). Mayer further alleges that when Mayer died, Mayer-Perri "was named the administratrix of her estate and took legal possession of the property subjected to the loan modification agreement."[1] (Doc. 1, ¶ 33). Mayer-Perri alleges that Fay repeatedly breached the terms of the loan modification agreement between 2021 and 2024. (Doc. 1, ¶¶ 33-38). As administratrix of Mayer's estate, Plaintiff has the right to "maintain any action with respect to [the real property of the estate]." 20 Pa. Stat. and Cons. Stat. Ann. § 3311 (a). This includes claims arising from contracts relating to real property that Mayer signed before her death, even where the cause of action did not accrue until after Mayer's death. *See McDonald, N.A.*, 735 F. App'x at 779; *see also*

---

[1] Fay suggests that that this action should be dismissed because Mayer-Perri fails to allege she is bringing this action on behalf of her parents. (Doc. 18, at 9). However, Mayer-Perri alleges that her interests in and rights to the property stem from her designation as administratrix of Mayer's estate. (Doc. 1, ¶¶ 12, 33). These allegations are sufficient to survive a motion to dismiss because as the administratrix of Mayer's estate, Mayer-Perri can maintain actions relating to contracts signed by Mayer prior to her death that relate to Mayer's real or personal property. *See McDonald*, 735 F. App'x at 779; *see also Hudson*, 2021 WL 2823074, at *2-4.

*Hudson*, 2021 WL 2823074, at *2-4. Accordingly, the Court finds that Mayer-Perri may bring an action for breach of contract.

Returning to the pleading requirements for a breach of contract claim, Fay avers that Mayer-Perri fails to plead that she suffered damages as a result of Fay's alleged breach of contract. (Doc. 12, at 12). To state a claim for breach of contract, a Plaintiff must allege "resultant damages" from an alleged breach. *Meyer,* 635 Pa. at 445. However, under Pennsylvania law, a Plaintiff is entitled to recover nominal damages from a breach of contract, and thus, a complaint should not be dismissed so long as the Plaintiff is able to show nominal damages resulting from a breach of contract. *See Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 497 (3d Cir. 2015) (stating "if a plaintiff is able to prove a breach of contract but can show no damages flowing from the breach, the plaintiff is nonetheless entitled to recover nominal damages"); *see also Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.,* 423 F. Supp. 3d 139, 152 (W.D. Pa. 2019) (denying a motion to dismiss, in part, because the parties conceded a breach of contract occurred and "any breach of contract. . . entitles the nonbreaching party to an award of nominal damages"); *see also Landau v. Corp. of Haverford Coll.*, No. CV 24-2044, 2025 WL 1796473, at *18 (E.D. Pa. June 30, 2025) (denying a motion to dismiss because the plaintiff was entitled to at least nominal damages).

According to Fay, Mayer-Perri fails to allege that she was damaged as a result of the alleged breach of contract because she fails to allege that she ever paid the allegedly improper inspection fees. (Doc. 12, at 12). Mayer-Perri alleges that Fay breached the loan modification agreement by "conduct[ing] property inspections and bill[ing] homeowners for the associated fees, without complying with the mortgage's terms and conditions." (Doc. 1, ¶ 70). According to Mayer-Perri, the loan modification agreement required Fay to provide written notice prior

to conducting inspections or imposing inspection fees, and Fay failed to do so. (Doc. 1, ¶¶ 26-27, 32, 35-38, 70). Based on this, the Court finds that Mayer-Perri at the very least pleads the existence of nominal damages. As such, dismissal based on a lack of damages arising out of the breach of contract would be premature because "[t]he amount of damages that [Mayer-Perri] has suffered is an issue that requires factual development through the discovery process." *Ironshore Specialty Ins.*, 423 F. Supp. 3d at 152; *see also Landau*, 2025 WL 1796473, at *18. Accordingly, Fay's motion to dismiss Count II is **DENIED**. (Doc. 11).

### C. Mayer-Perri agrees that Counts III and IV should be dismissed

Fay moves to dismiss Counts III and IV. (Doc. 12, at 12-15). Mayer-Perri agrees to voluntarily dismiss these claims without prejudice. (Doc. 17, at 19). Accordingly, Fay's motion to dismiss Counts III and IV is **GRANTED**. (Doc. 11). Counts III and IV are **DISMISSED without prejudice**.[2]

---

[2] Dismissal without prejudice is appropriate. Fay's basis for dismissal of Count III is that the FCEUA requires an "ascertainable loss," and Mayer-Perri fails to allege she ever paid the inspection fees and thus suffered a loss. (Doc. 12, at 12-14). Even if the Court were to accept this argument and grant dismissal on this basis rather than Mayer-Perri's voluntary dismissal, courts must permit curative amendment to a complaint and dismiss without prejudice unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, if the Court found Count III required dismissal because Mayer-Perri failed to allege she paid any of the inspection fees, she could file an amended complaint alleging she paid some of the fees and thus, amendment would not be futile. *See Grear v. U.S. Bank,* No. 1:21-CV-237, 2022 WL 4450400, at *12 (W.D. Pa. Sept. 23, 2022) (dismissing a FCEUA claim but granting leave to amend because plaintiffs could amend their complaint to plead ascertainable loss). Similarly, Fay moves to dismiss Count IV on the basis that Mayer-Perri fails to allege she paid the inspection fees, thus enriching Fay, and fails to make any allegations questioning the validity of the contract, which is required in an unjust enrichment claim. (Doc. 12, at 15). Mayer-Perri could amend the complaint to allege that she paid some of the fees and Fay was thus unjustly enriched. *See Keystone Constr. & Earthworks, LLC v. Nat'l. Contractors, LLC*, No. 4:24-CV-01614, 2025 WL 896454, at *3 (M.D. Pa. Mar. 24, 2025) (granting leave to amend because the plaintiff could plead facts showing the defendant was unjustly enriched). Further, Mayer-Perri could plead an unjust enrichment claim in the alternative to her breach of contract claim and allege facts which suggest the relevant contract was not valid. *See Premier Payments Online, Inc. v. Payment Sys.*

**IV.    CONCLUSION**

For the foregoing reasons, Fay's motion to dismiss is **GRANTED in part** and **DENIED in part.** (Doc. 11). Fay's motion to dismiss Counts I and II is **DENIED**. (Doc. 11). Fay's motion to dismiss Counts III and IV is **GRANTED**. (Doc. 11). Counts III and IV are **DISMISSED without prejudice**. (Doc. 1).

An appropriate Order follows.

BY THE COURT:

Dated: July 22, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

*Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012) (finding that under Pennsylvania law, breach of contract precludes unjust enrichment, but a plaintiff may be able to plead unjust enrichment in the alternative to its breach of contract claim). Here, amendment would not be futile, and the Court would not dismiss Counts III and IV with prejudice even if the Court accepted Defendant's arguments. *See Grayson*, 293 F.3d at 108. Accordingly, dismissal without prejudice is appropriate.